IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| ROGER LEE SHIFFLETTE, <br><br> Plaintiff, <br><br> v. <br><br> BALTIMORE COUNTY CIRCUIT COURTS *et al.*, <br><br> Defendants. | Civil Action No.: 1:21-cv-3074-LKG <br><br> Dated: January 3, 2022 |

## MEMORANDUM OPINION AND ORDER

Self-represented plaintiff, Roger Lee Shifflette, filed this civil rights action on December 2, 2021. ECF No. 1. Plaintiff, who is incarcerated in the Jessup Correctional Institution, also moves to proceed *in forma pauperis*. ECF No. 2. The motion shall be granted. But, the Complaint must be **DISMISSED** for failure to state a claim.

Plaintiff seeks damages of nine-million dollars for "injuries and damages" because he filed a petition for writ of habeas corpus in the Baltimore County Circuit Court, which was denied. ECF 1 at 4. He states that his petition challenged the jurisdiction of the Baltimore County Court and was denied without a hearing, depriving him of the opportunity to present his claims. *Id*. at 3. According to plaintiff, Judge Nagle's denial of his petition without a hearing amounts to a denial of due process and subjects him to cruel and unusual punishment. *Id*. He states that had he been afforded a hearing he would not be incarcerated. *Id*.

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that

is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

The Baltimore County Circuit Court is not a "person" amenable to suit under 42 U.S.C. § 1983. A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and

the Court is not a person.

Plaintiff's claim against Judge Nagle is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a judge from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359 (1978) (citation omitted). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 355-56; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

Plaintiff's claim against Julie Ensor, the Clerk of the Baltimore County Circuit Court, is also barred by the doctrine of absolute quasi-judicial immunity, which "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). This doctrine of absolute quasi-judicial immunity has been further adopted and extended to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts . . . .'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir.

3

1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)).  To determine if quasi-judicial immunity applies, this Court must consider:  "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations."  *Howard v. Food Lion Inc.*, 232 F.Supp.2d 585, 594 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999)).  "[I]mmunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction."  *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citing *Stump*, 435 U.S. at 349).

Here, the only discernible action attributable to the Clerk is the docketing of an order dismissing plaintiff's petition, an official act required by a judge.  Further, the Clerk must be allowed to maintain the court's docket without fear of harassment and intimidation brought about by unwarranted lawsuits.  Lastly, plaintiff's allegations that he is being prosecuted in a court without jurisdiction to do so may be addressed through the normal course of appellate review.

In light of the foregoing, it is this 3rd day of January, 2022, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The Complaint is **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), because it seeks monetary relief from persons who are immune from such relief, and otherwise fails to state a claim on which relief may be granted;

2. The motion to proceed in forma pauperis is **GRANTED**;

3. The Clerk shall provide a copy of this Memorandum Opinion and Order to Plaintiff; and

4. The Clerk shall **CLOSE** this case.

   **IT IS SO ORDERED.**

                                          s/Lydia Kay Griggsby
                                          LYDIA KAY GRIGGSBY
                                          United States District Judge